IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STATE OF NEVADA, et al.,<br><br>    PLAINTIFFS,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, et al.,<br><br>    DEFENDANTS. | Civil Action No. 4:16-cv-731-ALM<br>LEAD |
| PLANO CHAMBER OF COMMERCE, et al.,<br><br>    PLAINTIFFS,<br><br>v.<br><br>THOMAS E. PEREZ, et al.,<br><br>    DEFENDANTS. | Civil Action No. 4:16-cv-732-ALM<br>CONS |

**BUSINESS PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO STAY SUMMARY JUDGMENT BRIEFING OR IN THE ALTERNATIVE TO EXTEND TIME TO RESPOND**

The Business Plaintiffs file this response to the Defendants' Emergency Motion to Stay Summary Judgment Briefing or in the Alternative to Extend the Time to Respond ("Defendants' Motion") [Dkt. No. 10]. Plaintiffs respectfully request that the Court deny Defendants' Motion. The Defendants and the Business Plaintiffs can and should brief the issues under the regular schedule for summary judgment motions set forth in this Court's Local Rules. If the Court grants the States' motion for preliminary injunction, then the Court in its discretion may defer ruling on the Business Plaintiffs' motion for summary judgment. If the Court denies the States'

motion, then the Business Plaintiffs respectfully ask the Court to resolve their motion before the effective date of the new Overtime Rule—which is currently slated for December 1, 2016, but which the Defendants may extend. In the alternative to denying the Defendants' motion, the Business Plaintiffs ask the Court to consider their already-filed brief in support of summary judgment [Dkt. No. 7] as additional support for issuance of the preliminary injunction requested by the State Plaintiffs.

The goal of both consolidated lawsuits is to prevent the unlawful new Overtime Rule from going into effect, which is currently scheduled to take place on December 1, 2016. To that end, the States filed a motion for preliminary injunction; and the Business Plaintiffs filed a motion for summary judgment on an expedited basis.

Under this Court's Local Rules, in the ordinary course the Defendants' oppositions to both of those motions would be due on October 31, and briefing on both of those motions would be complete by November 10—which is the schedule the Court has already set for the States' motion. The Business Plaintiffs respectfully contend that this is the same briefing schedule that should apply for briefing their motion, to permit resolution before December 1. (The Business Plaintiffs would agree to extend the briefing schedule on their motion if the Defendants would extend the effective date of the Rule beyond December 1. But they have refused.) In its discretion the Court, of course, may grant Defendants leave to file a single consolidated opposition of up to 80 pages, which is equal to the combined length of both briefs filed by the two sets of Plaintiffs.

Indeed, given the substantial overlap in arguments presented by the States' and the Business Plaintiffs' motions, it would be efficient to have a single briefing schedule and hearing on these two motions, rather than to force the Court to consider the issues *seriatim*. In particular,

both plaintiff groups present the same two core statutory arguments—that the new Rule's doubling of the minimum salary threshold and its automatic indexing provision violate the Fair Labor Standards Act.

To be clear, the States have raised constitutional arguments that the Business Plaintiffs have not. And the Business Plaintiffs have raised Administrative Procedure Act ("APA") arguments that the States have not. But none of these arguments—and particularly the APA arguments—is foreign to the Defendants and their counsel, who routinely confront these arguments in litigation challenging regulations. They are purely legal arguments, which may be briefed expeditiously. In particular, there is no need to delay the briefing schedule for the Defendants to conduct the ministerial task of compiling the "official" administrative record. The Business Plaintiffs have already submitted the materials in the administrative record that they rely upon for their APA arguments in Count III. If there are any additional materials the Defendants wish to rely upon to defend their Rule, they likewise may submit them to the Court at the same time they file their opposition. There is no need for this Court to wait for the Defendants to compile all of the comments. And Defendants do not deny that, in any event, all relevant documents leading up to the Rule are already publicly available and accessible to the Court at www.regulations.gov.[1]

Defendants further assert that this Court's resolution of the States' motion for a preliminary injunction would obviate the need for an expedited ruling on the Business Plaintiffs' motion for summary judgment. The Business Plaintiffs agree with Defendants' concession that "[s]hould the Court grant a preliminary injunction, the Rule will not go in effect on December 1,

---

[1] Defendants also assert in a footnote that they have not been properly served by the Business Plaintiffs, though they do not specify the manner in which service was deficient, and the Business Plaintiffs assert that they complied fully with Fed. R. Civ. P. 4(i). In any event, Defendants seem to have waived the lack of service claim by filing their motion with this Court.

2016 while the parties brief the merits of Business Plaintiffs' legal challenges." Dkt. No. 10, at 2. In that scenario, both the States and the Business Plaintiffs and their members would not be subject to the new Overtime Rule, and the Court in its discretion could defer ruling on the Business Plaintiffs' motion. But that provides no reason the Defendants cannot comply with the regular briefing schedule set by this Court.

Moreover, it is surely not the case that the denial of the States' motion "would indicate that there is no need to expedite summary judgment briefing." *Id.* To the contrary, the denial of the States' motion would exacerbate, rather than obviate, the Business Plaintiffs' need for a prompt ruling. A denial of the States' motion would not address the Business Plaintiffs' core statutory argument that the new Overtime Rule's doubling of the minimum salary threshold raises it so high that the threshold no longer serves as a plausible proxy for the three statutory categories delineated by Congress. And a denial of the States' motion would not resolve the Business Plaintiffs' APA arguments. Addressing both motions at the same time would enable the Court to resolve efficiently all arguments presented, and to resolve them before the current December 1 effective date for the Rule.

The Defendants also purport to find fault with the Business Plaintiffs (and the States) filing their lawsuit on September 20 and their motion on October 14. There is no merit to that suggestion. Litigation is (and always should be) a last resort. The Business Plaintiffs are a group of more than fifty-five Texas and national entities comprising a broad and diverse membership. Prior to filing suit, the Business Plaintiffs exhausted all other avenues of modifying or delaying the new Rule. For example, as already noted in the Business Plaintiffs' motion, Plaintiff National Federation for Independent Business petitioned the Defendants to delay or modify their new Overtime Rule. The Defendants have not responded. The decision to

challenge the new Overtime Rule in court was not taken lightly and required deliberation as to the impact of attempting compliance on many different types of businesses, as well as the assembling of resources to move forward. The Business Plaintiffs should not be faulted for deliberating and studying the unprecedented new Overtime Rule before making the important decision whether to challenge the Rule in court.

As already noted, the Business Plaintiffs would be willing to extend the briefing schedule on their motion if the Defendants would agree to extend the effective date of the new Overtime Rule beyond the seemingly arbitrary date of December 1, 2016. Indeed, the Department of Labor has recently extended—twice—the effective date of one of its regulations to permit additional time for a federal district court in this State to rule on pending litigation. *See TEXO ABC/AGC, Inc. v. Perez*, No. 16-cv-1998 (N.D. Tex.), Dkt. Nos. 13, 33. Counsel for the Business Plaintiffs offered this alternative to counsel for the Defendants. But counsel has refused. If the Defendants would agree to extend the effective date of the Rule until 30 or 60 days after the Court decides (if it denies the Plaintiffs' motions), or at least until a date certain in 2017, which they may readily do pursuant to 5 U.S.C. § 705, then it would provide more time for the parties to brief and the Court to consider the issues raised by the Plaintiffs' motions.

At a minimum, the Business Plaintiffs respectfully submit that their brief and arguments on the issues of statutory authority provide additional and distinct points and authorities that the Court should consider before ruling on whether the Defendants have exceeded the bounds of the Fair Labor Standards Act in enacting their new Overtime Rule. The Business Plaintiffs ask the Court to consider their arguments in support of the States' motion for a preliminary injunction at the hearing scheduled for November 16.

## CONCLUSION

For these reasons, the Business Plaintiffs ask the Court to deny Defendant's motion for a stay or extension of the otherwise applicable briefing schedule on Plaintiffs' motion for summary judgment, or in the alternative to consider the Business Plaintiffs' brief and arguments in ruling on whether the New Overtime Rule may take effect as currently scheduled on December 1.

Dated:  October 21, 2016                          Respectfully submitted,

*/s/ Robert F. Friedman*
Robert F. Friedman
Texas Bar No. 24007207
**LITTLER MENDELSON, PC**
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201-2931
Tel:  (214) 880-8100
Fax:  (214) 880-0181
rfriedman@littler.com

Maurice Baskin, DC Bar No. 248898*
Tammy McCutchen, DC Bar No.591725*
**LITTLER MENDELSON, PC**
815 Connecticut Ave., NW
Washington, DC 20036
Tel:  (202) 772-2526
mbaskin@littler.com
tmccutchen@littler.com

*pro hac vice movants*
**ATTORNEYS FOR THE PLAINTIFFS**

Of Counsel:
Steven P. Lehotsky
Warren Postman
**U.S. CHAMBER LITIGATION CENTER**
1615 H Street, NW
Washington, DC 20062
Tel:  (202) 463-5337
slehotsky@uschamber.com
wpostman@uschamber.com

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

       Linda E. Kelly
       Patrick N. Forrest
       Leland P. Frost
       **MANUFACTURERS' CENTER FOR LEGAL ACTION**
       733 10th Street, NW, Suite 700
       Washington, DC 20001
       (202) 637-3000

       *Attorneys for Plaintiff the National*
       *Association of Manufacturers*

       Karen R. Harned
       Elizabeth Milito
       **NFIB SMALL BUSINESS LEGAL CENTER**
       1201 F Street, NW, Suite 200
       Washington, DC 20004
       (202) 314-2048

       *Attorneys for Plaintiff National Federation*
       *of Independent Business*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2016, a copy of the foregoing Response to Defendants' Emergency Motion to Stay Summary Judgment Briefing or In the Alternative to Extend Time to Respond was filed and served electronically via the Court's ECF system.

| | |
|---|---|
| David Weil, Administrator, Division of Wage and Hour, U.S. Dept. of Labor 200 Constitution Avenue, N.W. Washington, DC 20210 | Thomas E. Perez, Secretary of Labor U.S. Dept. of Labor 200 Constitution Avenue, N.W. Washington, DC 20210 |
| Mary Ziegler, Assistant Administrator, Division of Wage and Hour, U.S. Dept. of Labor 200 Constitution Avenue, N.W. Washington, DC 20210 | |

                      */s/Robert Friedman*

Firmwide:143519613.1 090080.1002