IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STATE OF NEVADA, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br>　　*et al.*,<br><br>　　　　　　Defendants. | No. 4:16-CV-731-ALM |
| PLANO CHAMBER OF COMMERCE, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>THOMAS E. PEREZ, in his official capacity as<br>　　Secretary of Labor, *et al.*,<br><br>　　　　　　Defendants. | No. 4:16-CV-732-ALM |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR EMERGENCY
MOTION TO STAY SUMMARY JUDGMENT BRIEFING OR IN THE ALTERNATIVE
TO EXTEND TIME TO RESPOND**

　　The plaintiffs in Civil Action No. 4:16-CV-732-ALM (hereinafter, the "Business Plaintiffs") have asked this Court to allow the parties to brief the issues raised in that case under the "regular schedule for summary judgment motions" set forth in the Local Rules. Pls.' Opp. at 1. But it is not "regular" for a Court to require summary judgment briefing before a defendant's time for responding to the Complaint has run. And this case, in particular, is ill-suited for such an unusual procedure. It raises complex legal questions that could, on resolution, affect the

1

rights of over four million American workers and their employers. *See Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales, and Computer Employees*, 81 Fed. Reg. 32,391, 32,393 (May 23, 2016) ("the Rule" or "Overtime Rule"). A stay, or in the alternative, an extension of time to respond to the Business Plaintiffs' premature motion is appropriate here for several reasons.

First, the Court already has before it a motion for preliminary injunction filed by Nevada and twenty other states (the "State Plaintiffs") in *Nevada et al. v. Dep't of Labor et al.*, No. 16-cv-731 (E.D. Tex.), an action with which this case is now consolidated. Defendants' response to that motion is due October 31, 2016 — the same date on which the Business Plaintiffs seek to have Defendants respond to their summary judgment motion. The State Plaintiffs' motion requests that the Court enter a nationwide preliminary injunction prior to the Rule's December 1, 2016 effective date. *See* Pls.' Mot. for Prelim. Inj., No. 16-cv-731, ECF No. 10, at 50. If the Court grants that requested relief, the Business Plaintiffs' purported need for expedition will be addressed because the Rule will not go into effect on December 1, 2016. If, on the other hand, the Court denies the preliminary injunction motion, that ruling would indicate that there is no need for expedition.[1] Either way, the Court should allow the preliminary injunction motion to be litigated and resolved without the unwarranted burden and distraction of simultaneous summary judgment briefing.

---

[1] A third possibility is that the Court grants a preliminary injunction, but only for the State Plaintiffs, or at least not on a nationwide basis. Indeed, in addition to arguing that the State Plaintiffs are not entitled to any preliminary relief, Defendants expect to argue that a nationwide injunction would be inappropriate. The Business Plaintiffs should not be heard to complain, however, about the scope of any preliminary injunction. The Business Plaintiffs have not demonstrated (or even attempted to show) that *they* meet any of the factors for preliminary injunctive relief. They should not be allowed to circumvent these requirements by seeking a final judgment on an expedited basis.

Second, Plaintiffs challenge the Overtime Rule under the Administrative Procedure Act, which requires the submission and review of a certified administrative record. *See* 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party."); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *see also Medina Cnty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010). The Department of Labor spent more than two years working on the rulemaking and received more than 270,000 comments. *See* Overtime Rule, 81 Fed. Reg. 32392, 32397. The administrative record will be substantial, and the agency will need time to compile it. Once the administrative record has been submitted and the time for responding to the Complaint has run, the parties can discuss a schedule for summary judgment briefing. The Business Plaintiffs have offered no persuasive reason to depart from that normal procedure.

Even if Defendants had been properly served on the date the Complaint was filed, Plaintiffs filed their summary judgment motion seeking final resolution of this case only twenty-four days later – well before the sixty-day answer period would have run.[2] Defendants are

---

[2] Plaintiffs incorrectly assume Defendants have waived service, *see* Pls.' Opp. at 3, n.1; because Plaintiffs are "suing the United States, and as a sovereign, the specific requirements for service cannot be waived." *Galvan v. Bonner*, 2005 WL 1774102, at *3 (S.D. Tex. July 25, 2005). The docket reveals that the Business Plaintiffs have not issued summonses to the United States Attorney for the Eastern District of Texas or the Attorney General. *See Goodson v. Colvin*, No. CV 315-051, 2015 WL 6386550, at *1 (S.D. Ga. Oct. 21, 2015), *report and recommendation adopted*, No. CV 315-051, 2015 WL 7185505 (S.D. Ga. Nov. 13, 2015) ("Subsequently, it came to the Court's attention that a summons was issued for Defendant, but summons were not issued for the civil process clerk at the office of United States Attorney for the Southern District of Georgia or for Loretta E. Lynch, the Attorney General of the United States, as is required to properly effect service under Federal Rule of Civil Procedure 4(i). (Doc. no. 4.)")

entitled to the response time provided by Rule 12(a)(2) before summary judgment briefing occurs.

For all of these reasons, the Court should stay briefing on the Business Plaintiffs' summary judgment motion until after the completion of preliminary injunction proceedings, or in the alternative, grant Defendants twenty-eight days after the preliminary injunction hearing to respond to the Business Plaintiffs' motion (which would make the deadline December 14, 2016).

Dated: October 24, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

BRIT FEATHERSTON
Acting United States Attorney

JUDRY L. SUBAR
Assistant Director
Federal Programs Branch

 /s/ Julie Saltman
JULIE SALTMAN
KEVIN SNELL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 532-4252
Fax: (202) 616-8470
Email: julie.saltman@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2016, I filed **DEFENDANTS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO STAY SUMMARY JUDGMENT BRIEFING OR IN THE ALTERNATIVE TO EXTEND TIME TO RESPOND** electronically with the Clerk of the United States District Court for the District of Columbia through the CM/ECF system, which caused the following counsel of record to be served by electronic means:

>Robert Francois Friedman
>Littler Mendelson, P.C. - Dallas
>2001 Ross Ave Suite 1500, Lock Box 116
>Dallas, TX 75201-2931
>(214) 880-8155
>Rfriedman@littler.com
>
>*Attorney for Plaintiff*

>>*/s/ Julie Saltman*
>>JULIE SALTMAN