# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STATE OF NEVADA, ET AL | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00731 |
| | § | Judge Mazzant |
| UNITED STATES DEPARTMENT OF LABOR, ET AL | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Stay Proceedings Pending Appeal (Dkt. #68). On December 30, 2016, the Court conducted a telephone conference regarding the motion. After reviewing the relevant pleadings and listening to the arguments of counsel, the Court concludes the motion should be denied.

## BACKGROUND

On November 22, 2016, this Court entered a Memorandum Opinion and Order that issued a nationwide injunction prohibiting the Department of Labor from "implementing and enforcing . . . regulations as amended by 81 Fed. Reg. 32,391" (Dkt. #60 at p. 19). On December 1, 2016, Defendants filed a notice of appeal with the Fifth Circuit Court of Appeals regarding the November 22, 2016 order (Dkt. #62). The Fifth Circuit granted the Defendants' opposed motion to expedite the appeal and ordered a briefing schedule that will conclude on or before January 31, 2017 (Dkt. #68, Exhibit A). On December 12, 2016, Defendants filed their motion to stay district court proceedings pending appeal (Dkt. #68). On December 15, 2016, the Business Plaintiffs filed a response (Dkt. #71). On December 16, 2016, the State Plaintiffs also filed a response (Dkt. #75). Still pending before the Court is the Business Plaintiffs' Expedited Motion for Summary Judgment (Dkt. #35).

## ANALYSIS

A district court has broad discretion to stay proceedings in the interest of justice and to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55). To determine whether a district court should grant a discretionary stay pending an interlocutory appeal, district courts employ the following four-factor test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted). The movant bears the burden of showing that a stay is warranted. *Id.* at 433–34. Although each part of the test must be met, the Fifth Circuit has stated that a "movant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

Here, there is no question that the issues presented on appeal—whether the Department of Labor's proposed overtime regulations are legal—are serious to both the litigants and to the public at large. *See Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23–24 (5th Cir. 1992) (deciding a serious legal question exists when there are legal issues that involve significant public concerns and impact federal and or state relations); *see generally* Dkt. #60 (indicating the

importance of the matter before the Fifth Circuit).  Accordingly, the Court determines that the appeal involves serious legal questions, and therefore Defendants must present a substantial case on the merits and show the balance of equities favor granting a stay.

Defendants' motion does not present a substantial case on the merits.  Defendants argue only that the "merits of State Plaintiffs' and the Business Plaintiffs' APA claims will likely be controlled in large part by the Fifth Circuit's decision on appeal" (Dkt. #68 at p. 2).  While true, this argument alone does not demonstrate that Defendants are likely to succeed in establishing that the Court improperly issued the injunction.  Because Defendants have not met its initial burden, the Court will not address whether the balance of equities weigh in favor of granting a stay.  Therefore, Defendants are not entitled to extraordinary relief and their motion to stay is **DENIED**.

**IT IS SO ORDERED**.
SIGNED this 3rd day of January, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE