# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| STATE OF NEVADA, ET AL. | § |
| | § |
| v. | § Civil Action No. 4:16-CV-731 |
| | § Judge Mazzant |
| UNITED STATES DEPARTMENT OF LABOR, ET AL. | § LEAD |
| | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Texas AFL–CIO's (the "AFL–CIO") Motion to Intervene (Dkt. #67). After reviewing the relevant pleadings, the Court denies the AFL–CIO's motion.

## BACKGROUND

On March 23, 2014, President Obama issued a memorandum directing the Secretary of Labor to "modernize and streamline the existing overtime regulations for executive, administrative, and professional employees." Presidential Memorandum of March 13, 2014; Updating and Modernizing Overtime Regulations, 79 Fed. Reg. 18,737, 18,737 (Mar. 13, 2014). Although the Department revised regulations in 2004, the President opined, "[R]egulations regarding . . . overtime requirements . . . for executive, administrative, and professional employees . . . have not kept up with our modern economy." *Id.* In response to the President's memorandum, the United States Department of Labor (the "Department") published a Notice of Proposed Rulemaking to revise 29 C.F.R. Part 541. The Department received more than 293,000 comments on the proposed rule, including comments from businesses and state governments, before publishing the final version of the rule (the "Final Rule") on May 23, 2016.

The State of Nevada and twenty other states (collectively, "State Plaintiffs") filed suit against the Department, the Wage and Hour Division of the Department, and their agents

(collectively, "Defendants") challenging the Final Rule (Dkt. #1). On October 12, 2016, State Plaintiffs moved for emergency preliminary injunctive relief (Dkt. #10).

The Plano Chamber of Commerce and more than fifty-five Texas and national business groups (collectively, "Business Plaintiffs") filed a similar action challenging the Final Rule in *Plano Chamber of Commerce et al. v. Perez et al.*, No. 4:16-CV-732 (E.D. Tex. Sept. 20, 2016). On October 14, 2016, Business Plaintiffs moved for expedited summary judgment (No. 4:16-CV-732, Dkt. #7; No. 4:16-CV-731, Dkt. #35). The Court consolidated Business Plaintiffs' action with the State Plaintiffs' action on the unopposed motion from Business Plaintiffs (No. 4:16-CV-732; Dkt. #11).

On November 16, 2016, the Court held a preliminary injunction hearing to consider oral argument regarding State Plaintiffs' motion. On November 22, 2016, the Court granted State Plaintiffs' emergency motion for preliminary injunctive relief (Dkt. #60).

On December 9, 2016, the AFL–CIO filed its motion to intervene (Dkt. #67). On December 15, 2016, Business Plaintiffs filed a response (Dkt. #72). The next day, State Plaintiffs also filed a response (Dkt. #74). On December 22, 2016, the AFL–CIO filed a reply (Dkt. #78). On December 28, 2016, State Plaintiffs filed a sur-reply (Dkt. #79).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24 provides for two forms of intervention: (1) intervention of right (mandatory intervention); and (2) permissive intervention. Fed. R. Civ. P. 24.

A proposed intervenor is entitled to mandatory intervention if the following elements are satisfied:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action;

>(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).

If intervention is not mandatory, then it is permissive. A court may permit anyone to intervene whom "has a claim or defense that shares with the main action a common question of law or fact" as long as the intervention does not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b); *see also Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 422 (5th Cir. 2002) ("Federal courts should allow intervention where no one would be hurt and the greater justice could be attained."). This decision to permit intervention is a "wholly discretionary" one, even if there is a common question of law or fact and the requirements of Rule 24(b) are satisfied. *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 1-15-CV-134, 2015 WL 11613286, at *2 (W.D. Tex. Dec. 22, 2015) (quoting *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984)).

## ANALYSIS

The AFL–CIO seeks to intervene in this action, arguing it has met the requirements of both mandatory intervention and permissive intervention. In terms of mandatory intervention, Business and State Plaintiffs oppose the AFL–CIO's motion on two grounds: (1) the AFL–CIO's intervention is untimely; and (2) the AFL–CIO lacks a legally protectable interest in the matter because the Department is adequately representing the Final Rule. State Plaintiffs and Business Plaintiffs reassert their untimely arguments to oppose permissive intervention. The Court will address each of these arguments in turn.

### A. Mandatory Intervention

The Court considers whether the AFL–CIO's motion to intervene is timely. The Fifth Circuit has articulated four factors for district courts to weigh in assessing whether a proposed intervenor timely sought intervention:

> (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512–13 (5th Cir. 2016). The Court makes a timeliness determination based on all of the circumstances in the case. *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996).

After reviewing the Fifth Circuit's timeliness factors, the Court finds the AFL–CIO's motion is untimely. The AFL–CIO knew it had an interest in this case since September 20, 2016, when both Plaintiffs filed separate suits against the Department. However, the AFL–CIO waited almost two months before filing its motion to intervene on December 2, 2016. This litigation has progressed significantly in the months preceding the AFL–CIO motion. The Court now considers the AFL–CIO's motion after the parties have briefed and argued State Plaintiffs' preliminary injunction motion, after the Court has ruled on that motion, after the parties have briefed Business Plaintiffs' summary judgment motion, and after Defendants have filed an interlocutory appeal regarding the Court's injunction order. Allowing intervention at this stage in the litigation would prejudice the existing parties by delaying the Court's consideration of Business Plaintiffs' ripe summary judgment motion. The AFL–CIO has not demonstrated it will

be prejudiced if it is not made party to this lawsuit. In addition, the Court determines no unusual circumstances exist for or against the AFL–CIO's intervention.

Even if the AFL–CIO's motion was timely, the Court finds Defendants are adequately representing its interests. The AFL–CIO believes the Defendants will amend or repeal the Final Rule once the incoming administration takes over on January 20, 2017. Specifically, the AFL–CIO states Secretary of Labor nominee Andrew Puzder "may" amend or repeal the Final Rule.

As the proposed intervenor, the AFL–CIO bears the burden to show inadequate representation. The Supreme Court refers to this burden as "minimal," requiring only a showing "that representation of [the intervenor's] interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Jurisprudence has created two presumptions of adequate representation. The first presumption occurs "when the putative representative is a governmental body or officer charged by law with representing the interests of the absentee." *Edwards v. City of Hous.*, 78 F.3d 983, 1005 (5th Cir. 1996). To overcome this presumption, the applicant must show "its interest is in fact different from that of the [governmental entity] and that the interest will not be represented by [it]." *Id.* (quoting *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994)). The second presumption occurs when the applicant intervenor's objective is ultimately the same as a party to the lawsuit. *Id.* In such cases, the intervenor must show adversity of interest, collusion, or nonfeasance by the existing party to overcome the presumption. *Id.*

The AFL–CIO has not overcome either presumption. First, the current Secretary of Labor is Alexander Acosta. The AFL–CIO did not express concerns regarding the Trump Administration outside the scope of Mr. Puzder's public statements about the Final Rule. In every reference to Mr. Puzder, the AFL–CIO never expanded its concerns to include the Trump

5

administration or Secretary Acosta. Thus, the threat of Mr. Puzder's contrary views of the Final Rule was extinguished when Secretary Acosta replaced him. Second, the AFL–CIO has not shown the Department has an adverse interest, colluded, or committed nonfeasance. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). Therefore, Defendants are adequately representing the AFL–CIO's interests.

Because the AFL–CIO has failed to show its motion is timely and that Defendants are adequately representing its interests, the Court will not consider the AFL–CIO's arguments for mandatory intervention. *See Haspel*, 493 F.3d at 578. Accordingly, the Court denies the AFL–CIO's right to mandatorily intervene in this action.

### B. Permissive Intervention

The Court's determination of permissive intervention is a wholly discretionary one. *See United States v. City of New Orleans*, 540 F. App'x 380, 381 (5th Cir. 2013) (indicating a district court may deny permissive intervention even if the requirements of Rule 24(b) are met). In exercising discretion on a timely motion, the Court considers if the intervenor has a claim or defense that shares with the main action a common question of law or fact, and whether the intervention will cause undue delay or prejudice. Fed. R. Civ. P. 24(b).

The Court exercises its discretion to deny the AFL–CIO's motion for permissive intervention based on its untimely motion to intervene. Even if the AFL–CIO's motion was timely, the Court would still deny the AFL–CIO's motion. The Court finds the AFL–CIO seeks to assert defenses that Defendants may have already raised. Any intervention would serve only to delay litigation, especially since Defendants are representing the AFL–CIO's interests.

## CONCLUSION

Accordingly, it is therefore **ORDERED** that Texas AFL–CIO's Motion to Intervene (Dkt. #67) is **DENIED**.

**SIGNED this 31st day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE