# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STATE OF NEVADA, *et al.*, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00731 |
| | § | Judge Mazzant |
| UNITED STATES DEPARTMENT OF LABOR, *et al.*, | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioners Chipotle Mexican Grill, Inc.'s and Chipotle Services, LLC's Motion for Judicial Notice (Dkt. #96) and Petitioners Chipotle Mexican Grill, Inc.'s and Chipotle Services, LLC's (collectively "Chipotle") Addendum to Motion for Judicial Notice (Dkt. #112). After reviewing the relevant pleadings, the Court finds that the motions should be granted.

A court may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. The Fifth Circuit has held that

> [j]udicial notice may be taken of facts known at once with certainty by all the reasonably intelligent people in the community without the need of resorting to any evidential data at all. . . . Specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy may be judicially noticed.

*Weaver v. United States*, 298 F.2d 496, 498–99 (5th Cir. 1962). "'A court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings,' but 'cannot take notice of the factual findings of another court.'" *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 664 (N.D. Tex. 2011) (quoting *SB Int'l, Inc. v. P.R. Jindal*, No. 3:06-cv-1174-G, 2007 WL 1411042, at *1 (N.D. Tex. May 14, 2007)). "Government websites are presumptively

reliable and subject to judicial notice." *Rhines v. Alinas Constr. Techs., Ltd.*, 2011 WL 4688706, at *2 n.2 (S.D. Tex. 2011). "Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles." *United States ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006). "A court may . . . take judicial notice of its own records or of those of inferior courts." *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981).

Chipotle avers that the Court should take notice of (1) Carmen Alvarez's ("Alvarez") District of New Jersey Complaint; (2) the Department of Labor's ("DOL") "reply brief in the Fifth Circuit appeal concerning this Court's November 11, 2016 order"; (3) Alvarez's Counsel's Motion to Amend in the District of Massachusetts Action; (4) the DOL's Mission Statement that appears on the DOL's website; (5) news articles on Alvarez's Counsel's Website; (6) the DOL's Opposition to Motion for Emergency Stay; (7) "Post-Motion Media Commentary"; and (8) a "copy of the docket in the matter captioned *Carmen Alvarez v. Chipotle Mexican Grill, Inc. et al*, United States District Court for the District of New Jersey, Case No. 2:17-cv-04095-KM-JBC" as of September 25, 2017 (the "Documents") (Dkt. #96 at pp. 2–3; Dkt. #112 at p. 2). Chipotle asks the Court to take judicial notice of court filings as they are documents filed in another court to "'establish the fact of such litigation and related filings.'" (Dkt. #96 at p. 2–3) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992). With regard to the DOL's Mission Statement, Chipotle argues that the Court may take judicial notice of government websites (Dkt. #96 at p. 3). With regard to news articles on Alvarez's Counsel's website, Chipotle argues that the contents of the website are facts "not subject to reasonable dispute and are capable of accurate determination." (Dkt. #96 at p. 3). With regard to the DOL's Opposition to Motion for Emergency Stay, Chipotle argues that the Court may take judicial notice

of its own records (Dkt. #96 at p. 3). Alvarez did not file a response. *See* LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.")

The Documents are not in reasonable dispute and are capable of accurate and ready determination through sources whose accuracy cannot be questioned. *See* FED. R. EVID. 201. Under the aforementioned precedent, the Court may take judicial notice of the Documents. Chipotle does not ask the Court to embrace the factual findings of another court. Thus, judicial notice is proper.

It is therefore **ORDERED** that Petitioners Chipotle Mexican Grill, Inc.'s and Chipotle Services, LLC's Motion for Judicial Notice (Dkt. #96) and Petitioners Chipotle Mexican Grill, Inc.'s and Chipotle Services, LLC's Addendum to Motion for Judicial Notice (Dkt. #112) are hereby **GRANTED**, and the motions and the exhibits attached thereto will be considered part of the record regarding Petitioners Chipotle Mexican Grill, Inc.'s and Chipotle Services, LLC's Motion for Contempt (Dkt. #89).

**SIGNED this 19th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE